

DA 10-0063

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 181N

DANIEL and ELAINE BADLEY,

        Plaintiffs and Appellees,

    v.

CLINTON JOHN MORRIS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 06-690(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Sean S. Frampton, Brian M. Joos, Morrison & Frampton, PLLP,
                Whitefish, Montana

        For Appellees:

                Anne G. Biby, Hash, O'Brien, Biby & Murray, PLLP, Kalispell, Montana

Submitted on Briefs:  August 4, 2010

Decided:  August 17, 2010

Filed:

        _____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Clinton John Morris (Morris) appeals from a summary judgment order in the Eleventh Judicial District Court. The District Court granted a motion for partial summary judgment filed by Appellees Daniel and Elaine Badley (Badleys) and held that Morris did not have a prescriptive easement over their land. We affirm the District Court.

¶3 Morris and the Badleys are neighboring landowners. The Badleys have owned their property since 1993. A woman named Edna Greene (Edna) originally owned the property on which Morris now resides. In 1993, Edna placed a mobile home on what is today Morris's property. Edna later subdivided the portion of the property containing the mobile home, and gave it to her daughter Kelsey in 1996. Kelsey moved into the mobile home in 2001. Morris became a co-owner of the property in 2003 after he married Kelsey.

¶4 A north-south gravel roadway provides access to Morris's property and crosses the properties of the Badleys and Edna. The eastern half of the roadway is on the Badleys' property. After Edna placed a mobile home on her property in 1993, the Badleys and

Edna discussed the necessity of widening the road in order to accommodate the mobile home's tenants. The Badleys contend they gave Edna permission to widen the road, and allowed her and her tenants to use their portion of the roadway when vehicles met one another on the road and needed to pass. Kelsey used the roadway after she moved onto the property.

¶5 After Morris moved into the property, he and Kelsey continued to use the road. At some point, however, issues arose between the Badleys and Morris. The Badleys claim that Morris drove too fast on the road, and was pushing snow onto their property when he plowed the road during winter. The Badleys notified Morris of their intention to revoke the use of their portion of the road in February 2006. They subsequently began construction of a fence on their side of the property line and posted no trespassing signs. The Badleys allege that Morris tore down the signs as well as the fence posts.

¶6 The Badleys filed suit against Morris, seeking to enjoin him from trespassing on their land and destroying their fencing and other materials. Morris counterclaimed, arguing he had acquired a prescriptive easement to use the road. The Badleys moved for partial summary judgment on Morris's counterclaim, arguing he did not have a prescriptive easement.

¶7 On November 5, 2009, the District Court granted the Badleys' motion for partial summary judgment and denied Morris's counterclaim for a prescriptive easement. The District Court concluded there was no dispute that the roadway had been in existence since at least 1992, and that Morris's use of the roadway was open, notorious, and adverse since 2003. The District Court concluded the Badleys presented undisputed

3

evidence that use of the road began as a neighborly accommodation, and that no evidence had been presented to rebut the presumption that use of the Badleys' portion of the roadway continued to be permissive when the mobile home and surrounding property were given to Kelsey. The District Court, citing to *Heller v. Gremaux*, 2002 MT 199, ¶ 14, 311 Mont. 178, 53 P.3d 1259, held that the Badleys were not required to grant express permission to Kelsey every time she used the road in order for her use to continue to be of a permissive nature.

¶8 Furthermore, the District Court concluded that Kelsey had failed to notify the Badleys of her intention to convert her permissive use into adverse use, and that under the authority of *Wilson v. Chestnut*, 164 Mont. 484, 525 P.2d 24 (1974), her use did not ripen into a hostile or prescriptive right. Instead, the Badleys first received notice of adverse use sometime in 2003 when Morris began using the road. They revoked permission to use their portion of the roadway in 2006, roughly three years after such use began.

¶9 We review a district court's grant of summary judgment, applying the criteria set forth in M. R. Civ. P. 56. *Heller*, ¶ 7. The movant must demonstrate no genuine issues of material fact. If this burden is met, the non-moving party must demonstrate, by more than mere denial or speculation, that genuine issues of material fact exist which preclude summary judgment. If the court determines there are no genuine issues of material fact, the moving party must demonstrate entitlement to judgment as a matter of law. *Heller*, ¶ 7.

¶10 In order to prove a prescriptive easement, the claimant must establish that use of a road was open, notorious, exclusive, adverse, continuous, and uninterrupted for a

4

five-year period.  *Heller*, ¶ 12.  Neighborly accommodation is a form of permissive use which does not, by itself, ripen into adverse use.  *Heller*, ¶ 14.  If use begins with the permission of the owner, it will not ripen into adverse use or a hostile right unless notice of such adverse use is "brought home" to the owner.  *Wilson*, 164 Mont. at 491, 525 P.2d at 27.

¶11     We conclude the District Court did not err in granting summary judgment to the Badleys on Morris's counterclaim for a prescriptive easement.  The District Court concluded the Badleys presented undisputed evidence that Edna and Kelsey's use of the roadway began as a permissive use.  While Morris's use eventually became hostile or adverse in nature, such hostile use did not last for the required five-year period and therefore cannot give rise to a prescriptive claim of right.

¶12     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the record before us that the District Court did not err in granting the Badleys' motion for partial summary judgment, and denying Morris's counterclaim for a prescriptive easement.  Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

5